UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VERONICA STEWART, | : | Case No. 1:16-cv-1056 |
| Administrator of the Estate of Lily | : | |
| Jeanette Francis, deceased, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| JIM NEIL, In his official capacity as | : | |
| Hamilton County Sheriff, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY DEFENDANTS' MOTION TO DISMISS (Doc. 5)

This civil action is before the Court on the motion to dismiss (Doc. 5) filed by Hamilton County, Ohio ("Hamilton County"), Jim Neil, in his official capacity as the Hamilton County Sheriff (the "Sheriff"), the Board of Commissioners for Hamilton County (the "BOCC"), and the Sheriff's Department of Hamilton County (the "Sheriff's Department") (collectively, the "County Defendants"),[1] and the parties' responsive memoranda (Docs. 7, 10).

---

[1] Defendants John/Jane Does, Employees, Deputies and/or Agents of Hamilton County and/or the Hamilton County Sheriff's Department, have not yet appeared. As used in this Order, "Defendants" refers to all Defendants named in this lawsuit.

## I. FACTS <u>AS ALLEGED</u> BY THE PLAINTIFFS

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

On December 31, 2015, Plaintiff Veronica Stewart ("Ms. Stewart") was appointed administrator of the Estate ("Estate") of Lily Jeannette Francis, deceased, by the Hamilton County, Ohio, Probate Court, case number 2015005452. (Doc. 1 at ¶ 4). Plaintiff Kelli Moll ("Ms. Moll") is the surviving parent of Lily Jeanette Francis. (*Id.* at ¶ 5).

On or about January 21, 2014, Ms. Moll surrendered herself to the Sheriff's Department at the Hamilton County Justice Center ("HCJC") pursuant to a pending community-control sanction violation. (Doc. 1 at ¶ 13). At the time, Ms. Moll was a recovering drug addict. (*Id.*). Ms. Moll was also pregnant with Lily Jeannette Francis and due to give birth on or about February 12, 2014. (*Id.*).

On or about January 22, 2014, while in a medical facility at HCJC, Ms. Moll complained that she was in pain with the onset of contractions; however, those complaints were not heeded. (Doc. 1 at ¶ 14). Defendants decided Ms. Moll was dehydrated and gave her some water. (*Id.*).

On or about January 23, 2014, Ms. Moll was monitored at HCJC. (Doc. 1 at ¶ 15). No fetal movement or heartbeat was detected. (*Id.*). Ms. Moll was told the absence of a heartbeat was probably due to the antiquated nature of Defendants' equipment and received no further examination or treatment. (*Id.*).

2

On January 24, 2014, Defendants decided to transport Ms. Moll to the University of Cincinnati Medical Center. (Doc. 1 at ¶ 16). Defendants did not transport Ms. Moll immediately; instead, they waited until a shift change. (*Id.* at ¶ 17). On the way to the hospital, the transporting deputies made two stops: the first to get a soda at a CVS; the second to get sandwiches. (*Id.* at ¶ 18).

Defendants eventually delivered Ms. Moll to the University of Cincinnati Medical Center. (Doc. 1 at ¶ 19). On January 25, 2014, Ms. Moll was induced for a vaginal delivery due to intrauterine fetal demise. (*Id.*).

**A. The First Lawsuit.**

On January 19, 2016, Plaintiffs filed a lawsuit in this court, case number 1:16-cv-248 (the "First Lawsuit").

The First Lawsuit named the Sheriff, the Sheriff's Department, and "Hamilton County Sheriff's Deputies and/or Employees, John/Jane Does 1-4" as Defendants (First Lawsuit, Doc. 1 at 1).[2] The first lawsuit did not name Hamilton County or the BOCC. On August 8, 2016, Plaintiffs filed a stipulation which dismissed the First Lawsuit without prejudice. (First Lawsuit, Doc. 27).

---

[2] The Court takes judicial notice of the filings in the First Lawsuit, which are available on the Court's online docket. *See Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 U.S. Dist. LEXIS 1809 at * 2, n. 2 (S. D. Ohio Jan. 3, 2014) (Litkovitz, MJ) ("[t]he Court can take judicial notice of matters of public record, including court records available through the PACER system via the internet.") (citation omitted).

3

**B. This Lawsuit.**

On November 7, 2016, Plaintiffs filed the Complaint in this action. The Complaint again names the Sheriff in his official capacity, the Sheriff's Department, and John/Jane Does, agents of Hamilton County and/or the Sheriff's Department. The Complaint also names Hamilton County and the BOCC.

The Complaint alleges that Defendants failed to adequately hire, train and/or supervise officers, agents, deputies, servants, employees, staff or representatives. (Doc. 1 at ¶ 22). The Complaint alleges that Defendants maintain policies, practices and/or customs of: (1) permitting agents to wait until a shift change to transport inmates to outside medical facilities, regardless of the inmate's condition; (2) permitting agents to take stops and/or personal breaks while transporting inmates to outside medical facilities, regardless of the severity of the inmate's medical condition; (3) utilizing nurses, rather than doctors, for medical appointments regardless of the inmate's medical condition; and (4) using antiquated medical equipment. (*Id.* at ¶¶ 33-37).

The Complaint alleges that Defendants demonstrated deliberate indifference to the serious medical needs of Plaintiffs by, among other things, failing to appropriately monitor Ms. Moll's pregnancy, failing to consult an appropriate specialist, failing to treat Ms. Moll and her unborn child in a timely manner, and failing to timely transport Ms. Moll and her unborn child to the hospital. (Doc. 1 at ¶ 40). The Complaint further alleges Plaintiffs' damages were "proximately caused" by Defendants' policies and customs as well as Defendants' failure to adequately hire, train and/or supervise. (*Id.* at

4

¶ 39). Plaintiffs assert a claim under 42 U.S.C. § 1983 for violation of their Fourth, Eighth and Fourteenth Amendment rights. (*Id.* at ¶¶ 20-44).

Ms. Moll asserts an additional claim for violation of the Americans with Disabilities Act ("ADA") premised on her allegations that Defendants discriminated against her because of her drug addiction. (*Id.* at ¶¶ 45-52).[3]

On January 12, 2016, County Defendants filed the instant motion to dismiss. The motion argues: (1) Plaintiffs' claims against Hamilton County and the BOCC are barred by the statute of limitations because neither entity was named in the First Lawsuit (Doc. 5 at 7-8); (2) Hamilton County and the Sheriff's Department are not *sui juris* (*id.* at 8-9); (3) Hamilton County and the BOCC do not have authority to control the Sheriff or the HCJC (*id.* at 9-11); (4) the Complaint does not adequately plead a § 1983 claim against the County Defendants because it does not sufficiently allege that Plaintiffs' injuries were caused by a custom, practice or policy of Hamilton County (*id.* at 11-13); (5) the Complaint does not adequately plead a claim for violation of the ADA because it does not sufficiently allege that Ms. Moll was treated differently because of her disability (*id.* at 13-14); and (6) the Sheriff was not personally involved in any of the incidents alleged in the Complaint, and in any event, is entitled to qualified immunity (*id.* at 15-19).

---

[3] The Complaint includes a third claim for "punitive/exemplary damages." (Doc. 1 at ¶¶ 53-54). As the County Defendants point out, there is no independent cause of action for "punitive damages." *See Snyder v. United States*, 990 F. Supp. 2d 818, 841-42 (S.D. Ohio 2014) (Spiegel, J) ("[i]t is well settled that a civil cause of action sounding solely in punitive damages cannot be maintained.") (citing *Pierson v. Rion*, 2d Dist. Montgomery No. CA23498, 2010-Ohio-1793, ¶ 49). The Court will construe this "claim" merely as a request for punitive damages in the event liability is established under § 1983 or the ADA.

5

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (*citing* Fed. Rule Civ. P. 8(a)(2)).

### III.   ANALYSIS

**A. Plaintiffs' claims against Hamilton County and the BOCC are barred by the statute of limitations.**

The County Defendants argue that the claims against Hamilton County and the BOCC are barred by the statute of limitations. (Doc. 5 at 7-8).

Section 1983 does not contain a statute of limitations. Where a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate statute to borrow for §1983 claims is the general personal injury statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). Accordingly, § 1983 claims are subject to the limitations period of Ohio Rev. Code Ann § 2305.10, which requires actions for bodily injury to be filed within two years after their accrual. *Id.* at 992.

Similarly, the Sixth Circuit has held that claims under Title II of the ADA—which also does not contain a limitations period—are subject to the two year period of Ohio Rev. Code Ann § 2305.10. *See McCormick v. Miami Univ.*, 693 F.3d 654, 663-64 (6th Cir. 2012).

The County Defendants argue that Plaintiff's claims were required to have been brought by January 25, 2016, two years after Lily Jeannette Francis was stillborn. (Doc. 5 at 8). The Complaint was filed on November 7, 2017.

7

Plaintiffs argue that Ohio's savings statute, Ohio Rev. Code Ann. § 2305.19, saves their claims because Plaintiffs commenced this lawsuit within one year from the date they voluntarily dismissed the First Lawsuit (August 8, 2017). (Doc. 7 at 7-9). Ohio's savings statute provides, in relevant part:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

Ohio Rev. Code Ann. § 2305.19(A).

The County Defendants argue that the savings statute does not apply to claims against Hamilton County or the BOCC because neither entity was named in the First Lawsuit.[4] (Doc. 5 at 7-8).

The Court agrees. The savings statute is "inapplicable in a case where the parties and relief sought in the new action are different from those in the original action." *Children's Hosp. v. Ohio Dept. of Pub. Welfare,* 69 Ohio St. 2d 523, 525, 433 N.E.2d 187 (1982).

Accordingly, the savings statute only saves claims against parties who were named in the original lawsuit. *See Griffin v. City of Columbus,* 10 Fed. Appx. 271, 273 (6th Cir. 2001) ("[t]he savings statute did not apply to [plaintiff's] claims against [defendants], as they were not parties in the prior action"); *Eaves v. Strayhorn*, No. 1:09-cv-394, 2010

---

[4] The County Defendants apparently concede the savings statute applies to Plaintiffs' claims against the Sheriff and the Sheriff's Department.

8

U.S. Dist. LEXIS 59125 at ** 17-18 (S.D. Ohio June 15, 2010) ("the savings statute cannot be used to sweep in defendants who were not parties in the original complaint"); *Pearsall v. Guernsey,* 3d Dist. Hancock No. 5-16-25, 2017-Ohio-681 at ¶ 18 ("[b]ecause [defendant] was not a party to [plaintiff's] original action, [plaintiff] cannot take advantage of the one-year "grace period" under R.C. 1305.19").

Here, the savings statute does not apply to claims against Hamilton County or the BOCC because they were not parties to the First Lawsuit. *Griffin*, 10 Fed. Appx. at 273; *Eaves*, 2010 U.S. Dist. LEXIS 59125 at ** 17-18; *Pearsall*, 2017-Ohio-681 at ¶ 18.

Plaintiffs attempt to avoid this result by arguing that because the First Lawsuit named the Sheriff in his official capacity, Hamilton County and the BOCC "*always*" were parties in interest" to the First Lawsuit. (Doc. 7 at 7).

Plaintiff's argument is not well-taken. It is true that for purposes of federal pleadings standards, naming an officer in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). However, for purposes of Ohio's savings statute, naming an agent in the first lawsuit does not "save" the ability to name the agent's principal directly in the second lawsuit. *See Heilprin v. Ohio State Univ. Hosp.*, 31 Ohio App. 3d 35, 36-37, 508 N.E.2d 178 (10th Dist. 1986) (rejecting plaintiff's argument "that by suing Dr. Roberts, the agent of the hospital, he preserved his cause of action against the principal, the hospital.").

9

Accordingly, Hamilton County[5] and the BOCC are dismissed from this action.[6]

### B.  The Sheriff's Department is not *sui juris*.

The County Defendants argue further that the Sheriff's department should be dismissed because it is not *sui juris*. (Doc. 5 at 8-10).[7]

This Court agrees.  A county sheriff's office is not a legal entity that is capable of being sued. *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000) (Spiegel, J). Accordingly, the Sheriff's Department is dismissed from this action.

Having found that Hamilton County, the BOCC, and the Sheriff's Department are entitled to dismissal, the Court now turns to the County Defendants' arguments that the Complaint fails to state viable claims against the Sheriff—the remaining County Defendant—under § 1983 and the ADA.

### C.  The Complaint states a plausible § 1983 claim.

The County Defendants argue that the Complaint does not state a viable §1983 claim.  (Doc. 5 at 11-13).  The Court does not agree.

To prevail on a §1983 claim, a plaintiff must show he has suffered a constitutional deprivation by a person acting under the color of state law. *Adair v. Charter County of*

---

[5] While the Court finds that the statute of limitations precludes Plaintiffs from adding Hamilton County as a *separate* entity at this juncture, the Court notes that this holding will not prejudice the Plaintiffs.  Plaintiffs' claims against the Sheriff in his official capacity are "in all respects other than name, to be treated as a suit against" Hamilton County.  *See Graham*, 473 U.S. at 166. If Plaintiffs are awarded damages against the Sheriff in his official capacity, they can execute their award against the County. *Id.*

[6] As the claims against Hamilton County and the BOCC are time-barred, the Court need not consider the County Defendants' arguments that Hamilton County is not *sui juris* (Doc. 5 at 8-9) or that Hamilton County and the BOCC do not control the HCJC (*id.* at 9-11).

*Wayne*, 452 F.3d 482, 491-92 (6th Cir. 2006). When municipal officers are sued in their official capacity, their actions are attributable to the municipality. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Municipal liability only attaches in "*Monell* claims," that is, in those situations in which a plaintiff establishes that a custom, policy, or practice attributable to the municipality was the "moving force" behind the violation of the plaintiff's constitutional rights. *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

A plaintiff may invoke a custom, policy, or practice sufficient to state a claim for *Monell* liability by alleging either: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence to federal rights violations." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citation omitted).

Here, the Complaint alleges that Defendants exhibited deliberate indifference to Plaintiffs' serious medical needs in violation of the Fourth, Eighth and Fourteenth Amendments. (Doc. 1 at ¶¶ 40-42). Further, the Complaint alleges that these constitutional violations were proximately caused by Defendants' policies and/or customs as well as their failure to adequately hire, train and/or supervise. (*Id.* at ¶ 39). The Court finds that these allegations, when viewed in a light most favorable to the Plaintiffs, set forth a plausible *Monell* claim.

11

Case: 1:16-cv-01056-TSB Doc #: 12 Filed: 04/04/17 Page: 12 of 17  PAGEID #: 95

The County Defendants argue the Complaint does not sufficiently describe any particular custom or policy or identify how that custom or policy caused Plaintiffs' injuries. (Doc. 5 at 12-13). Specifically, the County Defendants argue that the Complaint does not "identify the staff involved, the time period involved, or what any individual person would have been aware of regarding the physical condition of Ms. Moll or her fetus, Lily Francis." (*Id.* at 13).

The County Defendants' argument is not well-taken. The Complaint <u>does</u> identify policies adopted by the Defendants, as well as deficiencies in Defendants' hiring, training and supervision. (Doc. 1 at ¶¶ 22-38). Plaintiffs further allege that these policies and deficiencies proximately caused Plaintiffs' injuries. (*Id.* at ¶ 39).

The Court of Appeals for the Sixth Circuit has found similar allegations sufficient to state a plausible *Monell* claim. *See Petty v. County of Franklin*, 478 F.3d 341, 347-48 (6th Cir. 2007) (allegations that "certain customs and policies" of Franklin County were the proximate cause of plaintiff's injury stated a *Monell* claim because "it is not clear what more [plaintiff] could have alleged with respect to the policies Franklin County may or may not have."); *Stack v. Karnes*, 750 F. Supp. 2d 892, 899 (S.D. Ohio 2010) (Frost, J) (allegation that defendants "ratified and/or implemented the policies, practices and procedures which denied Plaintiff . . . medical treatment within a reasonable period of time and did so with deliberate indifference to the Plaintiff's serious medical needs" stated plausible *Monell* claim); *Heard v. City of Hazel Park*, No. 11-15121, 2012 U.S. Dist. LEXIS 71104 at ** 9-10 (E.D. Mich. May 22, 2012) (plaintiff stated plausible

12

*Monell* claim by alleging "as a direct and proximate cause of [defendant's] policies, practices and customs, [plaintiff] was deprived of her constitutionally protected rights").

To the extent the County Defendants argue that Plaintiffs were required to set forth the identity of the staff or the precise time of each action, the Supreme Court has expressly held that *Monell* claims are not subject to the heightened pleadings standards that the County Defendants ask the Court to impose. *See Leatherman v. Tarrant Cnt'y Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69 (1993).

Accordingly, the County Defendants' motion to dismiss Count I for failure to state a claim upon which relief can be granted is denied.

### D. The Complaint states a plausible claim for violation of the ADA.

The County Defendants argue that the Complaint fails to state a claim for violation of the ADA on behalf of Ms. Moll. (Doc. 5 at 13-14). The Court does not agree.

Title II of the ADA states, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a *prima facie* case of intentional discrimination under Title II of the ADA, a plaintiff must show that (1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability. *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008).

Here, the Complaint alleges that Ms. Moll was "disabled" for purposes of the ADA because she was a recovering drug addict, with a record of drug addiction, and was regarded by Defendants as being a drug addict. (Doc. 1 at ¶ 46). The Complaint claims Defendants denied Ms. Moll "services, programs or activities"—transportation to the emergency room—because of her disability. (*Id.* at ¶¶ 48-49).

The County Defendants argue that the Complaint does not sufficiently allege that Ms. Moll was treated differently than any other prisoner because of her disability. (Doc. 5 at 14).[8]

The County Defendants' argument is not well-taken. The Complaint clearly alleges that Defendants "treated Plaintiff Moll differently than similarly situated inmates/patients who were not recovering drug addicts/abusers, did not have a record of drug addiction/abuse, and/or were not regarded by Defendants as being drug addicts and/or as having records of same." (Doc. 1 at P49). Viewing the allegations of the Complaint in a light most favorable to the Plaintiffs, the Complaint states a *prima facie* case of discrimination in violation of 42 U.S.C. § 12132.

Accordingly, the County Defendants' motion to dismiss Count II for failure to state a claim upon which relief can be granted is denied.

### E. The Sheriff is not entitled to qualified immunity.

In their motion to dismiss, the County Defendants argue that the Sheriff was not personally involved in any of the alleged incidents, and, in any event, is entitled to

---

[8] County Defendants do not dispute Plaintiff's assertion that Ms. Moll's alleged drug addiction is "disability" for purposes of the ADA.

14

qualified immunity. (Doc. 5 at 15-18).

As Plaintiffs correctly point out, the Sheriff is named in this action in his <u>official capacity only</u>. (Doc. 7 at 14). Qualified immunity may only be asserted by government officials sued in their individual capacity. *See Lavelle v. Sines*, No. 2:11-cv-693, 2012 U.S. Dist. LEXIS 312 at * 10, n. 1 (S. D. Ohio Jan. 3, 2012) (Graham, J) (citing *Guest v. Leis*, 255 F. 3d 325, 337 (6th Cir. 2001)). The qualified immunity defense does not apply to Plaintiffs' claims against the Sheriff in his official capacity. *Id.*

**F. The Sheriff is not entitled to sovereign immunity.**

In their reply memorandum, the County Defendants switch gears and argue that the Sheriff is entitled to sovereign immunity under the Eleventh Amendment. This argument also fails.

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State.

U.S. Const. amend. XI.

Although by its terms the Eleventh Amendment applies only to suits against a State by citizens of another State, the Supreme Court has extended the Eleventh Amendment's applicability to suits by citizens against their own states. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted). The ultimate guarantee of the Eleventh Amendment is that "nonconsenting States may not be sued by private individuals in federal court." *Id.*

15

The immunity afforded by the Eleventh Amendment "does not extend to counties and similar municipalities." *Mt. Healthy City School Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 280 (1977). Ohio law classifies sheriffs as county officials. *See* Ohio Rev. Code Ann. § 301.28(a)(3). Accordingly, a county sheriff is typically not an "arm of the state" entitled to Eleventh Amendment immunity. *See Jones v. Hamilton Cty. Sheriff*, 838 F.3d 782, 784 (6th Cir. 2016) ("[b]ecause counties lack inherent sovereign immunity, so do Ohio county sheriffs"); *Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003) ("[i]t is clear that Holmes County (and Sheriff Zimmerly as an officer of Holmes County) is not an arm of the state that is entitled to Eleventh Amendment immunity"); *Allen v. Lies*, 154 F. Supp. 2d 1240, 1263 (S.D. Ohio 2001) (Spiegel, J) (the Hamilton County sheriff is not an "arm of the state" entitled to assert Eleventh Amendment immunity because "Hamilton County—rather than the State of Ohio—would satisfy any money judgment against the Sheriff").

The County Defendants argue that, because Ohio Rev. Code Ann. § 307.021(A) refers to the "office of the sheriff" as a "stage agency" with jurisdiction over jails, the sheriff is a "state agent regarding the operation of the jail" and entitled to Eleventh Amendment immunity. (Doc. 5 at 13). This argument is not well-taken.

The Sixth Circuit has acknowledged that, occasionally, law enforcement officers "wear multiple hats, acting on behalf of the county *and* the State." *Crabbs v. Scott*, 786 F.3d 426, 429 (6th Cir. 2015). Where county officials are sued simply for complying with state mandates that afford no discretion, they act as an arm of the state under the

16

Eleventh Amendment. *Id.* at 430. However, immunity is limited to situations in which "state law *required* [the Sheriff] to take the actions he took." *Id.*

Here, the Sheriff is a Hamilton County official (Ohio Rev. Code § 301.28(A)(3)) elected (*id.* § 311.01(A)) and paid (*id.* § 325.01) by Hamilton County. Hamilton County, not the state of Ohio, would satisfy any judgment against the Sheriff in his official capacity. *Allen*, 154 F. Supp. 2d at 1263. There is no indication that state law or policy mandated any of the actions set forth in the Complaint. In these circumstances, the Sheriff is not entitled to assert Eleventh Amendment immunity as a defense. *Crabbs*, 786 F.3d at 429-30.

## IV. CONCLUSION

For these reasons, the County Defendants' motion to dismiss (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiffs' claims against Hamilton County, the BOCC and the Sheriff's Department are **DISMISSED**. Plaintiffs' claims against the Sheriff in his official capacity survive.

**IT IS SO ORDERED**.

Date: 4/4/17

Timothy S. Black
United States District Judge